UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: COLLECTO, INC., TELEPHONE CONSUMER
PROTECTION ACT (TCPA) LITIGATION                            MDL No. 2513

TRANSFER ORDER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiff in a Northern District of California action moves for centralization of this litigation in that district. This litigation currently consists of three actions pending in three districts, as listed on Schedule A. Since the filing of the motion, the parties have notified the Panel of one potential tag-along action pending in the Northern District of California.[1]

All parties support centralization under Section 1407, but disagree on an appropriate choice for transferee district. Defendant Collecto, Inc., supports centralization in the Northern District of California, as do plaintiffs in the Eastern District of Michigan action. Plaintiff in the District of Massachusetts proposes that district.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions relating to allegations that Collecto placed debt collection calls to plaintiffs' cellular telephones using an automated system, without the plaintiffs' consent. Although there are relatively few parties and actions at present, efficiencies can be gained from having these actions proceed in a single district. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary. The record indicates that there is likely to be significant third party discovery which will benefit from common pretrial proceedings. Centralization also is consistent with our prior decisions involving similar TCPA claims.[2]

---

[*] Judges Paul J. Barbadoro and Lewis A. Kaplan took no part in the decision of this matter.

[1] This and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2] *See, e.g., In re Convergent Tel. Consumer Prot. Act Litig.*, 2013 WL 5596117, at *2 (J.P.M.L. Oct. 8, 2013); *In re Enhanced Recovery Co., LLC, Tel. Consumer Prot. Act Litig.*, 899 F. Supp. 2d 1382 (J.P.M.L. 2012); *In re Portfolio Recovery Assocs., LLC, Tel. Consumer Prot. Act Litig.*, 846 F. Supp. 2d 1380 (J.P.M.L. 2011); *In re Midland Credit Mgmt., Inc., Tel. Consumer Prot. Act Litig.*, 818 F. Supp. 2d 1377 (J.P.M.L. 2011).

- 2 -

We conclude that the District of Massachusetts is an appropriate transferee forum for this litigation. The defendant has its headquarters in Norwell, Massachusetts, and much of the common evidence is likely to be located there. This district also provides a geographically convenient forum for this nationwide litigation. Judge Richard G. Stearns is an experienced transferee judge who we are confident will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Massachusetts are transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Richard G. Stearns for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Marjorie O. Rendell        Charles R. Breyer
Sarah S. Vance             Ellen Segal Huvelle

IN RE: COLLECTO, INC., TELEPHONE CONSUMER
PROTECTION ACT (TCPA) LITIGATION                                    MDL No. 2513

## SCHEDULE A

Northern District of California

John Lofton v. Collecto, Inc., C.A. No. 4:13-03293

District of Massachusetts

Robert Pegg v. Collecto, Inc., C.A. No. 1:13-11944

Eastern District of Michigan

Ralph Davenport, et al. v. Collecto, Inc., C.A. No. 4:13-13156

I hereby certify on 2/18/14 that the
foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☒ electronically filed original filed on 2/18/14
☐ original filed in my office on _____
Robert M. Farrell
Clerk, U.S. District Court
District of Massachusetts
By: _____
Deputy Clerk